Andrew D. Friedman (State Bar No. 005425)
afriedman@bffb.com
Francis J. Balint Jr. (State Bar No. 007669)
fbalint@bffb.com
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: 602.274.1100
Fax: 602.274.1199

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

* *Pro hac vice* admission to be sought.

[Additional counsel appears on the signature page.]

*Counsel for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Hoffman, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Horizon Solar Power, Inc., a California corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**1. Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Allan Hoffman brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Horizon Solar Power, Inc. ("Horizon") to stop its practice of making unsolicited telemarketing calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

1. Defendant Horizon is one of the leading sellers and installers of solar power panels based in Southern California.

2. Unfortunately for consumers, in an attempt to promote its products and services, Defendant Horizon conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly made unsolicited calls to consumers' telephones—including cellular telephones and numbers that appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Allan Hoffman is a natural person and citizen of the State of Arizona.

6. Defendant Horizon Solar Power, Inc. is a California corporation with its principal place of business located at 7100 West Florida Avenue, Hemet, California 92545. Defendant conducts business throughout this District, the State of Arizona, and the United States.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

8. The Court has personal jurisdiction over Defendant because it solicits significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

**COMMON FACTUAL ALLEGATIONS**

10. Defendant Horizon claims to be Southern California's leader in installing top of the line solar electric and solar pool heating systems at warehouse prices.

11. Unfortunately, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call homeowners *en masse* promoting its services, including those who never provided consent to be called and/or who it had no relationship with. Worse yet, Defendant placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers were listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

2

12. Not surprisingly, these practices have led to significant complaints from consumers, including:[1]

> telemarketing company that offers to reduce your utility bills. I didn't answer since it showed private caller. But I called the number 1/2 hour later and they answered Horizon Power.
>
> Caller: Horizon Power
> Call Type: Telemarketer

> Called my cell phone at 7:05 pm today
> Didn't answer because don't recognize the number
> came here to see other's had got this call, now know it's telemarketer, blocked forever on my cell.
>
> Caller: Horizon Power
> Call Type: Telemarketer

> Didn't answer when they called. Called the number back from another phone. The line was completely quiet but eventually a guy answered as Horizon Power.
>
> Caller: Horizon Power
> Call Type: Telemarketer

> Constantly calls. Robo dialers I thought were illegal. They must be scammers. I advise you not to answer.
>
> Caller: horizon solar?
> Call Type: Telemarketer

> Keep getting calls from this number and don't know how to stop it
>
> Caller: Horizon Power
> Call Type: Telemarketer

13. In making the phone calls at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agent) had the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment included features substantially similar to a predictive dialer, inasmuch as it was capable of making numerous calls simultaneously (all without human intervention).

---

[1] 800notes for 951-491-8810, http://800notes.com/Phone.aspx/1-951-491-8810 (last visited March 6, 2015).

14.     Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and continued to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF ALLAN HOFFMAN

15.     Starting in or around December 2014, Plaintiff Hoffman began receiving calls on his cellular telephone from the phone number (951) 491-8810.

16.     When Plaintiff answered one of these calls he heard a long pause after which he was connected with a live telemarketer who indicated he was calling from Horizon. The telemarketer began asking questions about Plaintiff's electric bill in an attempt to convince him to purchase its solar power panels.

17.     Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, or requested that Defendant place calls to him or offer him its products or services. Simply put, Plaintiff has never provided his prior express consent to Defendant to place calls to him and has no business relationship with Defendant.

18.     Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since March 19, 2012, for the express purpose of avoiding telemarketing calls just like those alleged in this case.

19.     Nonetheless, Defendant placed at least two unsolicited phone calls to Plaintiff's telephone between December 2014 and January 2015.

20.     Defendant is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

21. **Class Allegations**: Plaintiff Hoffman brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and a Class and Subclass of individuals defined as follows:

> **Class**: All persons in the United States who (1) received a telephone call; (2) on a cellular telephone number; (3) from (or on behalf of) Horizon Solar Power that was made for the purpose of selling its products and services; and (4) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.
>
> **Subclass**: All persons in the United States who (1) received more than one telephone call; (2) on a cellular telephone number; (3) which had been listed on the National Do Not Call Registry for at least thirty days; (4) from (or on behalf of) Horizon Solar Power that was made for the purpose of selling its products and services; and (5) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

The following people are excluded from the Class and Subclass (collectively referred to as the "Class", unless otherwise indicated): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

22. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate

over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  (a)  Whether Defendant's conduct violated the TCPA;

  (b)  Whether Defendant systematically made telephone calls to consumers who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

  (c)  Whether Defendant systematically made telephone calls to consumers utilizing an ATDS;

  (d)  Whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry; and

  (e)  Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members

6

uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On behalf of Plaintiff and the Class)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Class—without their prior express consent—in an attempt to market its services.

30. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

31.     Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

32.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

34.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Subclass)**

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

37.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

38. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

39. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which

9

> the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

40. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Subclass members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

41. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Subclass within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Subclass never provided any form of consent to receive telephone calls from Defendant, and/or Defendant did not have a record of consent to place telemarketing calls to them.

42. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the Subclass, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Subclass received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result

1  of Defendant's conduct as alleged herein, Plaintiff and the Subclass suffered actual
2  damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up
3  to $500 in damages for such violations of 47 C.F.R. § 64.1200.

4       44.    To the extent Defendant's misconduct is determined to be willful and
5  knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of
6  statutory damages recoverable by the members of the Subclass.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Allan Hoffman, individually and on behalf of the Class and Subclass, prays for the following relief:

1. An order certifying the Class and Subclass as defined above, appointing Plaintiff Allan Hoffman as representative of the Class and Subclass, and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class and Subclass;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 9, 2015

By:  /s/ Francis J. Balint, Jr.
Andrew S. Friedman (Bar No. 005425)
Francis J. Balint Jr. (Bar No. 007669)
fbalint@bffb.com
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: 602.274.1100
Fax: 602.274.1199

11

Rafey S. Balabanian*
rbalabanian@edelson.com
Ari J. Scharg*
ascharg@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

* *Pro hac vice* admission to be sought.